HARRINGTON, FOXX, DUBROW & CANTER, LLP
KEVIN P. McNAMARA, State Bar No. 180690
1055 West Seventh Street, 29th Floor
Los Angeles, California 90017-2547
Telephone (213) 489-3222
Facsimile (213) 623-7929
E-mail: kmcnamara@hfdclaw.com

Attorneys for Defendant NVIDIA
CORPORATION'S SHORT AND LONG
TERM DISABILITY PLAN

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN ZIMMERMAN, | CASE NO. CV 08 0032 CW |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | Date: **April 8, 2008**<br>Time: **2:00 p.m.**<br>Courtroom: **2** |
| NVIDIA CORPORATION'S SHORT AND LONG TERM DISABILITY PLAN, | **Hon. Claudia Wilken** |
| Defendant. | |

The parties hereto, pursuant to the Order Setting Initial Case Management Conference and ADR Deadlines, submit this Joint Case Management Conference Statement.

**(1)  Jurisdiction and Service.**

This is an action for disability benefits under the Employee Retirement Income Security Act (ERISA), 29 USC §1001 *et. seq.* This court has subject matter jurisdiction pursuant to 29 USC §1132(e) and 28 USC §1367(a). There are no existing issues respecting personal jurisdiction or venue. All parties have been served and have appeared.

/ / /

**(2)   Facts.**

Plaintiff Alvin Zimmerman was employed as an Installation Engineer with Nvidia Corporation. He stopped working in August 2001 and initiated a claim for disability benefits due to complaints of "chronic dizziness, lightheadedness and confusion when looking at computer monitor or television." At the time he stopped working, plaintiff was covered for long-term disability benefits under defendant Nvidia Corporation Short and Long Term Disability Plan. The Plan is insured by Reliance Standard Life Insurance Company ("Reliance Standard"). Reliance Standard is also the Plan's designated Claim Fiduciary.

Based on the information available, plaintiff's short term and long term disability claims were approved and he received a Monthly Benefit through July 8, 2006. Payments were discontinued after that date, however, because Reliance Standard determined that his claim was no longer supported by the medical documentation in his file. Plaintiff appealed the termination of benefits. After reviewing additional medical records, including an independent review of plaintiff's file, Reliance Standard upheld its previous decision. Explaining its termination of benefits, Reliance Standard noted inconsistencies and deficiencies found in the records. Ultimately, it determined that "there is an absence of medical evidence supporting your claim that you have a condition which would be totally disabling and preclude you from working in your regular occupation." Plaintiff disagreed with the Plan's decision and filed this lawsuit.

**(3)   Legal Issues.**

The parties anticipate legal disputes in this matter concerning the determination and application of the standard of review to be applied to the termination of benefits under *Abatie v. Alta Health & Life Ins. Co.,* 458 F.3d 955 (9th Cir. 2006) (*en banc*).

/ / /

/ / /

/ / /

**(4) Motions.**

There are no prior or pending motions.

The parties anticipate this matter will be resolved via cross-motions for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, or alternatively via cross-motions for judgment pursuant to Rule 52. There may also be discovery motions related to requests to be made by plaintiff.

**(5) Amendments of Pleadings.**

The parties do not anticipate adding or dismissing any parties, claims, or defenses, or to otherwise amend the pleadings absent some change in controlling law.

**(6) Evidence Preservation.**

Plaintiff has not destroyed any evidence in his possession or control relevant to the issues reasonably evident in this action. As an individual plaintiff, he has no document-destruction program or other ongoing systematic erasures of e-mails, voice mails, and the like.

The Plan has preserved all evidence relating to plaintiff's claim, which is contained within the administrative record, a copy of which was provided to plaintiff with defendant's initial disclosures.

**(7) Disclosures.**

The parties met and conferred on March 14, 2008, and will make initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure at a date prior to the case management conference.

///
///
///
///

**(8) Discovery.**

No discovery has been taken to date.

Plaintiff contemplates, after mediation, propounding discovery related to issues which bear on the question of the proper application of the judicial standard of review as established by *Abatie, supra,* and similar authorities. The Plan does not anticipate conducting any discovery.

**(9) Class Actions.**

Not applicable.

**(10) Related Cases.**

There are no related cases or proceedings pending before another judge of the court or before another court or administrative body.

**(11) Relief.**

Plaintiff seeks recovery of disability benefits under the Plan pursuant to 29 USC §1132(a)(1)(B). Plaintiff also seeks pre- and post-judgment interest, and reasonable attorney fees pursuant to 29 USC §1132(g).

Defendant seeks judgment in its favor on all claims and reserves the right to seek fees under 29 USC §1132(g).

**(12) Settlement and ADR.**

The parties stipulated to mediation using a court-appointed mediator.

**(13) Consent to Magistrate Judge for All Purposes.**

The parties do not consent to have a magistrate judge conduct all further proceedings.

/ / /

**(14)   Other References.**

The parties do not consider this matter to be suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**(15)   Narrowing of Issues.**

None.  The parties will continue to consider, and meet and confer on any issues that arise which may streamline trial of this matter.

**(16)   Expedited Schedule.**

The parties do not believe the case could be practicably expedited beyond the typical time frame for resolution of cases involving disputed entitlement to ERISA benefits.

**(17)   Scheduling.**

The parties do not anticipate expert testimony, and therefore do not request a schedule for designation of experts or expert discovery.  The parties request a trial date within one year of the filing of the complaint, which was filed January 3, 2008.  The parties request that all other deadlines be set in accordance with this court's custom and practice.

**(18)   Trial.**

The parties anticipate a bench trial, or alternatively cross-motions for summary judgment or for judgment under Rule 52, the hearing for which should be completed within one day.

**(19)   Disclosure of Non-party Interested Entities or Persons.**

The Plan already filed its Certificate of Interested Entities or Persons.

Plaintiff is not aware of any other non-party interested entity or person.

**(20) Other matters.**

The parties are presently unaware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter. They will continue to consider ways to further streamline this case and will bring any suggestions to the court should they arise.

DATED: April 1, 2008

FRICKER & MELLEN & ASSOCIATES

By: /s/ Timothy J. Fricker
Timothy J. Fricker, Esq.
Attorneys for Plaintiff Alvin Zimmerman

HARRINGTON, FOXX, DUBROW & CANTER, LLP

By: /s/ Kevin P. McNamara
KEVIN P. McNAMARA
Attorneys for Defendant NVIDIA CORPORATION'S SHORT AND LONG TERM DISABILITY PLAN

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

F:\CASE\RAW.3203\PLEADINGS\Joint CMC Statement.wpd   -6-   **CV 08 0032 CW**
JOINT CASE MANAGEMENT STATEMENT